UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOSES TIMOTHY WILLIAMS,

          Petitioner,

                                      **Hon. Hugh B. Scott**

          v.                                   05CV594

                                          **Order**

PEOPLE OF THE STATE OF NEW YORK,

          Respondent.

      Petitioner in this habeas corpus proceeding has applied to the Court for appointment of counsel, apparently pursuant to 28 U.S.C. § 1915(e) (Docket No. 2), with petitioner using a New York State form to request this relief as well as moving for in forma pauperis status (Docket No. 2). Given the uncertainty whether petitioner intended to seek state or federal habeas relief, the Court ordered petitioner to file an amended Petition by October 3, 2005 (Docket No. 3). After filing his Amended Petition (Docket No. 4), petitioner then separately renewed his motion for in forma pauperis status (Docket No. 5), which this Court granted on October 7, 2005 (Docket No. 6). What still remains is petitioner's apparent motion for appointment of counsel (Docket No. 2, ¶ 2).

      Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-

Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent petitioners where it appears that such counsel will provide substantial assistance in developing petitioners' arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, petitioner's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**.

It remains the petitioner's responsibility to retain his own attorney or to press forward with his lawsuit pro se. 28 U.S.C. § 1654.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       December 1, 2005